1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00067-ART-CSD-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KRISTOPHER MYERS, | |
| Defendant. | |

10   Before the Court is Defendant Kristopher Myers's motion to dismiss based

11   on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v.*

12   *Bruen*, 597 U.S. 1 (2022) (ECF No. 35). For the reasons stated below, the Court

13   denies the motion.

14   **I.    BACKGROUND**

15   Defendant Kristopher Myers was charged by Indictment with a single count

16   of Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d), an

17   offense under the National Firearms Act, 26 U.S.C. §§ 5801–5872 ("NFA"). (ECF

18   No. 1.)

19   The relevant portion of the NFA provides, "It shall be unlawful for any

20   person . . . to receive or possess a firearm which is not registered to him in the

21   National Firearms Registration and Transfer Record." 18 U.S.C. § 5861(d). The

22   NFA defines "firearm" to include "a rifle having a barrel or barrels of less than 16

23   inches in length," 26 U.S.C. § 5845(a). Guns of this length are commonly referred

24   to as short-barreled rifles. Registering a firearm requires the payment of a $200

25   tax; identification of the firearm to be registered; and identification of the

26   applicant, including through copies of their fingerprints and a photograph. 26

27   U.S.C. §§ 5811–12, 5821–22.

28   //

1

## II.    DISCUSSION

Myers moves to dismiss the indictment against him as violating his Second Amendment rights under *Bruen*, 597 U.S. at 1. *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *Bruen* recognized that the Second Amendment protects individuals' rights to bear arms for the purpose of self-defense inside and outside the home. *Heller*, 554 U.S. at 592; *Bruen*, 597 U.S. at 24. In *Bruen*, the Supreme Court articulated a two-part test for determining whether firearms regulations are "consistent with the Second Amendment's text and historical understanding," and thus constitutional. 597 U.S. at 24. Under the *Bruen* test: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* The Ninth Circuit has restated the *Bruen* test as follows:

> We first consider whether the Second Amendment's plain text covers an individual's proposed course of conduct. *Bruen*, 597 U.S. at 24 []. If so, the Second Amendment presumptively protects that conduct. *Id.* The Government then bears the burden of justifying the challenged regulation by showing that it is consistent with our nation's "historical tradition of firearm regulation." *Id.* Only then may we conclude that the regulation is constitutional. *Id.*

*United States v. Perez-Garcia*, 96 F.4th 1166, 1178 (9th Cir. 2023).

This case turns on "step one" of the *Bruen* test, namely, "whether the Second Amendment's plain text covers [Myers's] proposed course of conduct." *Bruen*, 597 U.S. at 24. The Government argues that, unlike the firearms at issue in *Heller* and *Bruen*, an unregistered short-barreled rifle is not protected by the Second Amendment, so the Government prevails at step one. Myers counters that short-barreled rifles are protected by the plain text of the Second Amendment, thus satisfying step one, and that he must prevail at step two because the Government has failed to offer any evidence to meet its burden under step two. (ECF No. 35 at 1 (citing *Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023), *vacated*

*pending reh'g en banc*, 2024 WL 719051 (9th Cir. Feb. 22, 2024)).) Thus, both parties agree that the answer to step one, namely whether the Second Amendment protects Myers's alleged conduct (possessing an unregistered short-barreled rifle), is dispositive.

*Bruen* step one involves a "threshold question" of whether the Second Amendment "presumptively protects the individual's conduct." *Perez-Garcia*, 96 F.4th at 1178. Step one encompasses three related subparts. *See United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) ("*Bruen* step one . . . requires a textual analysis, determining whether the challenger is part of the people whom the Second Amendment protects, whether the weapon at issue is in common use today for self-defense, and whether the proposed course of conduct falls within the Second Amendment.") (citing *Bruen*, 597 U.S. at 24; *Heller,* 554 U.S. at 580, 627). As the Ninth Circuit stated in *United States v. Duarte*, "Step one of *Bruen* asks the 'threshold question' whether 'the Second Amendment's plain text covers' (1) the individual, (2) the type of arm, and (3) the 'proposed course of conduct' that are at issue." 101 F.4th 657, 671-72 (9th Cir. 2024) (citing *Bruen*, 597 U.S. at 19, 31–32). Neither party disputes that Myers is "of the people" protected by the Second Amendment. *See Duarte*, 101 F.4th at 673-75. The issue here is whether a short-barreled rifle is the kind of weapon, and whether unregistered possession of that weapon is the kind of conduct, protected by the Second Amendment.

Not all "arms" are protected by the Second Amendment. The Supreme Court in *Heller* recognized that the Second Amendment "extends only to certain types of weapons." *See Heller,* 554 U.S. at 622 (discussing *United States v. Miller*, 307 U.S. 174, 178 (1939)). In *United States v. Miller*, the Court rejected a Second Amendment challenge to an indictment charging the defendants with transportation of an unregistered short-barreled shotgun in violation of the NFA. *Heller*, 554 U.S. at 622-625 (discussing *Miller*, 307 U.S. at 178). The Court in

*Heller* discussed *Miller* and clarified that Miller's actions were placed outside the protection of the Second Amendment by of the type of weapon at issue, not by Miller's conduct. *Id.* at 622 ("It is entirely clear that the Court's basis for saying that the Second Amendment did not apply was *not* that the defendants were 'bear[ing] arms' . . . for 'nonmilitary use.' Rather, it was that the *type of weapon at issue* was not eligible for Second Amendment protection . . . .") (emphasis in original). The Court in *Heller* concluded its discussion of *Miller* by stating: "[w]e therefore read *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." *Heller*, 554 U.S. at 625. The Court added that the right to keep and bear arms under the Second Amendment is limited to "the sorts of weapons" that were "in common use" at the time the Second and Fourteenth Amendments were ratified, and it did not include "dangerous and unusual weapons." *Id.* at 627 (citations omitted). *Bruen* reiterated the conclusion in *Heller* that there is a "historical tradition of prohibiting the carrying of dangerous and unusual weapons." 597 U.S. at 21 (quoting *Heller*, 554 U.S. at 627) (internal quotation marks omitted).

Myers takes issue with *Heller*'s language excluding certain weapons, like short-barreled shotguns, from the scope of the Second Amendment's text. Myers argues that, for purposes of *Bruen* step one, the term "arms" means "all firearms," including short-barreled rifles. (ECF No. 64 at 3 (citing *Heller*, 554 U.S. at 581, 582).) Myers further argues, relying on *Bruen* and *Duarte,* that the question of whether a weapon is "dangerous or unusual" must be addressed in *Bruen* step two. (ECF No. 64 at 2-3.) This argument aligns with *Teter*, which indicated that the question of whether a butterfly knife is a "dangerous and unusual" weapon must be considered under *Bruen* step two. *Teter*, 76 F.4th at 950. But *Teter* is no longer controlling on this Court, and it addressed the separate question of whether a butterfly knife is an "arm" for purposes of the Second Amendment.

*Teter* does not undermine the Supreme Court's conclusion in *Heller* that certain weapons are simply not protected by the Second Amendment.

Myers's position conflicts with the Supreme Court's statement in *Heller* that short-barreled shotguns are not protected by the Second Amendment. In *Heller*, the Supreme Court explained that the text of the Second Amendment does not reach dangerous and unusual weapons that are not typically possessed by law-abiding citizens for lawful purposes, including, specifically, "short-barreled shotguns." *Heller*, 554 U.S. at 625, 627. Neither *Bruen* (which addressed handguns), nor *Teter* (butterfly knives), nor *Duarte* (felon in possession of a firearm) had occasion to revisit this point because none of those cases concerned short-barreled weapons. *Heller*, 554 U.S. at 625, 627. *Bruen* affirmed *Heller*, *see Bruen*, 597 U.S. at 17, and, as other courts have acknowledged, it reiterated *Heller*'s statement that there is a "historical tradition of prohibiting the carrying of 'dangerous and unusual weapons'," *Id.* at *21; see United States v. Broadbent*, 2023 WL 6796468, at *4 (E.D. Cal. Oct. 13, 2023) (citing *Bruen*, 597 U.S. at 21 (internal quotations omitted)). "Whatever changes *N.Y. State Rifle v. Bruen* brought to the Second Amendment landscape, inclusion of dangerous and unusual weapons in the Second Amendment right isn't one such change." *Id.* (quoting *United States v. Sredl*, No. 3:22-CR-71 RLM-MGG, 2023 WL 3597715, at *3 (N.D. Ind. May 23, 2023)). This Court is not persuaded that *Bruen* altered *Heller*'s conclusion that the Second Amendment does not apply to short-barreled shotguns.

*Heller's* statement that the Second Amendment does not apply to short-barreled shotguns applies with equal force to short-barreled rifles. *See, e.g., United States v. Cox,* 235 F. Supp. 3d 1221, 1227 (D. Kan. 2017) (stating that a short-barreled rifle is "clearly comparable to the short-barreled shotgun at issue in *Miller*"). The Second Amendment protects arms "typically possessed by law-abiding citizens for lawful purposes." *Heller*, 554 U.S. at 625, 627. The NFA

regulates weapons typically used by criminals, not law-abiding citizens. As the Supreme Court recognized in *United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517 (1992), the object of the NFA "was to regulate certain weapons likely to be used for criminal purposes, just as the regulation of short-barreled rifles, for example, addresses a concealable weapon likely to be so used." The NFA regulates "only such modern and lethal weapons, except pistols and revolvers, as could be used efficiently by criminals and gangsters." *Id.* The provision of the NFA at issue here, § 5816(d), prohibits possession of *unregistered* "short-barrel shotguns, short-barrel rifles, machineguns, silencers, and destructive devices," but it does not apply to "basic handguns, revolvers, or long guns." *See Broadbent,* 2023 WL 6796468, at *4 (holding the Second Amendment does not apply to short-barreled machine guns) (citing *Sredl*, 2023 WL 3597715, at *3 (holding the Second Amendment does not apply to unregistered firearms)).

Numerous lower courts have held, post-*Bruen*, that unregistered short-barreled rifles are not protected by the Second Amendment because they are "dangerous and unusual weapons" which are "not typically possessed by law-abiding citizens for lawful purposes." *See Heller*, 554 U.S. at 625, 627; *United States v. Miller*, No. 3:23-CR-41-S, 2023 WL 6300581, at *4 (N.D. Tex. Sept. 27, 2023) (holding that short-barreled rifles are dangerous and unusual weapons not subject to Second Amendment protections); *United States v. Danielson*, No. 22-299 (MJD/LIB), 2023 WL 5288049, at *4-5 (D. Minn. Aug. 17, 2023) (upholding the constitutionality of § 5861(d) regarding short-barreled rifles); *United States v. Saleem*, No. 3:21-cr-86 (FDW/DSC), 2023 WL 2334417, at *1 (W.D.N.C. Mar. 2, 2023) (rejecting a Second Amendment challenge as to short-barrel rifles); *United States v. Royce*, 2023 WL 2163677 at *3 (D.N.D. Feb 22, 2023) (holding that short-barreled rifles and shotguns are dangerous and unusual weapons not protected by the Second Amendment); *United States v. Rush*, No. 22-CR-40008-JPG, 2023 WL 403774, at *3 (S.D. Ill. Jan. 25, 2023) ("*Bruen* had no impact on

the constitutionality of regulating the receipt or possession [of] an unregistered short-barreled rifle."). The Court is not aware of any case in which a court has found that the Second Amendment protects the right of an individual to possess an unregistered short-barreled rifle.

This Court holds, consistent with *Heller* and *Bruen*, that an unregistered short-barreled rifle is not the type of weapon protected by the Second Amendment. Because the plain text of the Second Amendment does not encompass the type of weapon at issue here, Myers cannot succeed on subpart two of the first step of the *Bruen* analysis. Even if he could, he has not shown, as required by subpart three, that the Second Amendment protects his "proposed course of conduct." The NFA does not bar possession of certain listed firearms; "[i]t simply requires their *registration." United States v. Shepherd,* 2024 WL 71724, *6 (S.D. Miss. Jan. 5, 2024) (emphasis original). Myers has not shown that the registration requirement is unconstitutional.

## III.    CONCLUSION

For the reasons stated, Myers's motion to dismiss the Indictment (ECF No. 35) is denied.

Dated this 10th day of June 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE